# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| SILVIA MANUEL, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| MERCHANTS AND PROFESSIONAL | § | CASE NUMBER:  1:18-cv-00226 |
| BUREAU, INC. | § | |
| | § | |
| & | § | DEMAND FOR JURY TRIAL |
| | § | |
| | § | |
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA, | § | |
| *Defendants.* | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.  Plaintiff, Silvia Manuel ("Plaintiff" or "Manuel" herein) brings this action under

the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), as well as under the

Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"), to obtain statutory

damages, and other relief for violations of the FDCPA and the TDCA against Defendants,

Merchants and Professional Bureau, Inc. ("Merchants" herein) and Travelers Casualty & Surety

Company of America ("Travelers" herein).

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, §1337(a), and pursuant to 28 U.S.C. §1367 as to Plaintiff's state law claim(s).

3.   Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendants transact business in this district.

## STANDING

4.   Plaintiff has suffered an injury in fact that is traceable to Merchant's conduct and that is likely to be redressed by a favorable decision in this matter.

5.   Plaintiff further suffered a concrete injury as a result of Merchant's violations contained herein.

## THE PARTIES

6.   Plaintiff, Silvia Manuel, is an individual who resides in Travis County, Texas.

7.   Defendant, Merchants and Professional Bureau, Inc., is a Texas entity, and is authorized to do business in Texas and may be served with process by serving its registered agent as follows:

Pamela Winslett
5508 Parkcrest Drive #210
Austin, Texas 78731

8.   Defendant, Travelers Casualty & Surety Company of America ("Travelers" herein), is a foreign corporation organized and existing under the laws of the State of Connecticut, whose principal address is One Tower Square, Hartford, CT 06183, is authorized to do business in Texas and may be served with process by serving its registered agent, Corporation Service Company at:

> Corporation Service Company
> 211 E. 7th Street, Ste. 620
> Austin, TX 78701-3218

## FACTUAL ALLEGATIONS

9.   Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

10.  Plaintiff is a "consumer" as that term is defined by §392.001(1) of the TDCA.

11.  Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes, originally relating to a medical expense with Texas Orthopedics, Sports and Rehabilitation Associates ("Alleged Debt").

12.  The Alleged Debt(s) is a "debt" as that term is defined by §1692a(5) of the FDCPA.

13.  The Alleged Debt(s) is a "consumer debt" as that term is defined by §392.001(2) of the TDCA.

14.   Due to her financial circumstances, Plaintiff could not pay the Alleged Debt(s), and it went into default.

15.  The Alleged Debt(s) was subsequently assigned or transferred to Merchants sometime thereafter.

16.  Merchants regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

17.  Merchants is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

18.  Merchants is a "third-party debt collector" as defined in § 392.001(7) of the TDCA.

19.  On or about October 10, 2017, Merchants mailed a letter ("Letter" herein) addressed to Plaintiff for the collection of the Alleged Debt.

20.  The Letter was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

21.  The Letter was a form of "debt collection" as that term is defined by §392.001(5).

22.  However, the Letter attempted to collect a debt that is clearly time barred under applicable Texas statute of limitations.

23.  In fact, Merchants was fully aware that the Alleged Debt was time barred in so much as it sent to Plaintiff a detailed itemization of the Alleged Debt/medical expenses, which relates to years 2010 and 2011, respectively; these dates of service are well beyond the four year applicable statute of limitations.

24.  The Letter failed to disclose that the Alleged Debt is a time barred debt and that the debt is unenforceable.

25.  The Letter further failed to inform the Plaintiff that any payment, partial or otherwise, could reinstate the statute of limitations.

26.  Moreover, the Letter threatened Plaintiff that it will use "additional collection efforts" if Plaintiff fails to pay the balance due: such statements can mislead the least sophisticated consumer to anticipate litigation to enforce an otherwise time barred debt.

## COUNT I—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

27. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

28. Chapter 392, Section 304 of the Texas Finance Code provides as follows:

> **FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**
>
> **(a) Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**
> **(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**

29. The Letter falsely suggested that the Alleged Debt is enforceable in so much as the Letter failed to disclose that the Alleged Debt was time barred and therefore unenforceable.

30. Moreover, the statement in the Letter regarding additional collection efforts could mean that Merchants intended to use litigation to collect the time barred Alleged Debt.

31. Finally, the Letter failed to disclose that any payment could restart the statute of limitations.

32. Merchants therefore violated the TDCA.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692e

33. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

34. 15 U.S.C. §1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(2) The false representation of—**
> **(A) the character, amount, or legal status of any debt;**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

35. The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D. Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)). As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692k(b)).

36. Merchants violated the FDCPA by falsely suggesting that the Alleged Debt is enforceable and collectible notwithstanding the fact it failed to disclose that the Alleged Debt is time barred and unenforceable.

37.  Merchants further violated the FDCPA by suggesting it would take some sort of legal action to collect the Alleged Debt, notwithstanding the fact the debt was clearly time-barred under applicable statute of limitations.

38.  The Letter failed to disclose that any payment could restart the statute of limitations.

## COUNT III—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692f

39.   Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

40.  15 U.S.C. § 1692f of the FDCPA provides as follows:

**UNFAIR PRACTICES**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

41.  The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D.Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)).  As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692k(b)).

42.   Plaintiff alleges that the Letter constituted unfair practices in so much as it is an attempted to collect a time barred debt without disclosing the debt is time barred and unenforceable and without warning the Plaintiff of the danger of a partial payment reinstating the statute of limitations.

## REQUEST FOR ATTORNEYS' FEES

43.  Plaintiff seeks reasonable attorneys' fees as per the TDCA and FDCPA and any other statutory or common law basis.

## TRIAL BY JURY

44.  Plaintiff is entitled to and hereby demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Silvia Manuel, respectfully prays that the Defendants, Merchants and Professional Bureau, Inc. and Travelers Casualty and Surety Company of America, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against both Defendants, jointly and severally, as follows:

a.  The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code §392.403(a)(2);

b.  The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code §392.403(b);

c.  The Court award Plaintiff, statutory damages pursuant to 15 U.S.C. §1692(k)(a)(2);

d.  The Court award Plaintiff, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

e.   The Court award Plaintiff, prejudgment and post judgment interest as allowed by law;

f.   The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.


Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
*Attorney for Plaintiff*

*Silvia Manuel*