IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SYLVIA MANUEL, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| MERCHANTS & PROFESSIONAL | § | CAUSE NO. 1:18-CV-226-LY |
| CREDIT BUREAU, INC. & | § | |
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA, | § | |
|     DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court in the above-styled and numbered cause is Motion to Dismiss and Memorandum in Support filed on June 11, 2018 (Dkt. No. 11), Plaintiff's Response to Defendants' Motion to Dismiss filed June 19, 2018 (Dkt. No. 12), and Defendants' Reply to Plaintiff's Response to Motion to Dismiss filed June 26, 2018 (Dkt. No. 13). Having reviewed the motion, response, reply, and applicable law, the court will deny in part and grant in part the motion for the reasons to follow.

### I. BACKGROUND

On March 14, 2018, Sylvia Manuel ("Manuel") filed this lawsuit under the Fair Debt Collection Practices Act ("Act") and the Texas Debt Collection Act ("Texas Act") against Merchants and Professional Bureau, Inc. ("Merchants") and Travelers Casualty & Surety Company of America.[1] *See* 15 U.S.C. §§ 1692e; *see also* Tex. Fin. Code Ann. § 392.304(a)(8). On October 10, 2017, Manuel received a letter from Merchants for the collection of an alleged

---

[1] As the interests of Defendants do not diverge, the court will refer to Defendants collectively as "Merchants," unless otherwise noted or as needed for context.

$250.00 debt incurred in 2010 and 2011 to Texas Orthopedics Sports and Rehab.[2] The letter states in relevant part:

> YOU OWE: TX ORTHOPEDICS SPORTS & REHAB
>
> AMOUNT DUE: $250.00
>
> Urgent: Payment has not been received!
>
> In reviewing your account today, we show you still have an unpaid balance due. Please remit your balance due immediately in order to prevent any additional collection efforts, such as personal phone calls.
>
> Payment may be made over the phone, by mail, or through our secure website shown above. We report unpaid collection accounts to the three national credit reporting repositories.
>
> Check by phone and major credit cards accepted by phone, with no service fees added.
>
> * * *

Manuel contends that the letter violates the Act and the Texas Act because it attempts to collect on a consumer debt that is time-barred under the Texas statute of limitations and did not inform her that partial payment would restart the statute of limitations. *See Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) ( concluding that "a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of [the Act]."). Manuel also alleges that the letter violates both Acts because it falsely threatens to use litigation to collect the time-barred debt.

## II. STANDARD OF REVIEW

---

[2] The letter was not attached to Manuel's complaint, but the court will nonetheless consider it because it is referred to in the complaint and attached to the response to the motion to dismiss. *See Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

2

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need not contain detailed factual allegations, but in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

### III. ANALYSIS

#### A. Fair Debt Collections Practice Act

"Congress enacted the [Act] 'to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). To further Congress's stated purposes, the Act is intended "to have a broad remedial scope" and should "be construed broadly and in favor of the consumer." *Daugherty*, 836 F.3d at 511 (internal citations omitted).

3

Manuel alleges that Merchants' attempt to collect an allegedly time-barred debt violates the Act. *See* 15 U.S.C. §§ 1692e, 1692f. Section 1692e broadly prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." *Id.* Section 1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

> (2) The false representation of—
> (A) the character, amount, or legal status of any debt;
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken;
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e (2)(A), (5), (10). Section 1692f prohibits the "use of unfair or unconscionable means to collect or attempt to collect any debt." *Id.* at § 1692f. "Unconscionable," as used in section 1692f, extends to "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1).

In evaluating whether a collection letter violates Sections 1692e and f, the court "must view the letter from the perspective of an 'unsophisticated or least sophisticated consumer,'" and will not assume the consumer is "shrewd []or experienced in dealing with creditors." *Daugherty*, 836 F.3d at 511. Thus, in determining whether a collection letter is false, deceptive, or misleading, the court considers the letter objectively from the perspective of an unsophisticated consumer. 15 U.S.C. § 1692e; *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (recognizing that "in determining whether a violation of the [Act] has occurred, the debt collector's representations, notices and communications to the consumer must be viewed objectively from the standpoint of the 'least sophisticated consumer'"). The

4

unsophisticated-consumer standard "'serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials.'" *Gonzalez*, 577 F.3d at 603 (quoting *Taylor*, 103 F.3d at 1236).

The Fifth Circuit has adopted a flexible test in determining whether a letter's deceptiveness is a question of fact, to be determined by a jury, or a question of law, to be determined by the court. *See Gonzalez*, 577 F.3d at 606. On the one hand, "[t]here are some letters that, as a matter of law, are not deceptive based on the language." *Id.* "At the other end of the spectrum, there are letters that are so deceptive and misleading as to violate the [Act] as a matter of law." *Id.* "In the middle, there are letters that include contradictory messages and therefore present closer calls." *Id.* Because whether a collection letter is deceptive a question of fact, '[d]ismissal is appropriate only when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Daugherty*, 836 F.3d at 512 (quoting *McMahon v. LVNV Funding*, 744 F.3d 1010, 1020 (7th Cir. 2014)). And "because district judges are not good proxies for the unsophisticated consumer whose interests the [Act] protects, district courts should be hesitant to dismiss § 1692e and § 1692f claims." *Carter v. First Nat. Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 574 (S.D. Tex. 2015) (quoting *Delgado v. Capital Mgmt. Servs. LP*, No. 4:12-CV-4057-SLD-JAG, 2013 WL 1194708, at * 3 (C.D. Ill. March 22, 2013)).

As for time-barred debts, "a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of [the Act]." *Daugherty*,

836 F.3d at 513. "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *McMahon*, 744 F.3d 1021. As the Federal Trade Commission has found, nondisclosure of a debt's status as time-barred could deceive consumers because most consumers do not understand their legal rights and often do not know that making a partial payment on an out-of-statute debt could revive the entire debt. FED. TRADE. COMM'N, THE STRUCTURE AND PRACTICE OF THE DEBT BUYING INDUSTRY 47 (2013).

Merchants argues it is not an automatic violation of the Act to attempt to collect a time-barred debt. Merchants states that "unless a collector offers a settlement of a debt, offers a payment plan, offers a discount, or makes an offer the result of which would reduce the debt owed, then there is no requirement" that the debt collector disclose that the debt is time-barred. Merchants also points to a recent Fifth Circuit case as standing for the proposition that Manuel must be "mislead about the amount [she] owed" in order for there to be a violation of the Act. *See Mahmoud v. De Moss Owners Assoc., Inc.*, 865 F.3d 322, 331 (5th Cir. 2017).

It is true that letters containing an offer of settlement, payment plan, or discounted debt have been held to constitute a violation of the Act by various courts. *See, e.g., Daugherty*, 836 F.3d at 510–11. But a letter seeking payment of a time-barred debt may still trick an unsophisticated consumer into making a payment that would restart the statute of limitations on an otherwise time-barred debt, even if the letter does not include an offer of a settlement, a payment plan, or a discount. In *Daugherty*, a collection agency sent a letter offering to settle a debt but failed to disclose that the underlying debt was time-barred and that any partial payment could reinstate the statute of limitations. 836 F.3d at 510–11. The *Daughtery* court held that "a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls)

6

could constitute a violation of the [the Act]." *Id.* at 513. The *Daugherty* court accordingly reversed the district court's grant of the debt collector's motion to dismiss. *Id.* at 514.

Though the letter in *Daugherty* involved an offer to settle debt for less than the full amount, the opinion was is limited to those facts. The letter in *Daughtery* is similar in many respects to the letter at issue. Both sought payment of a time-barred debt without disclosing the debt's unenforceability; and both sought payment that would have restarted the statute of limitations without disclosing possible pitfalls. An offer to settle a debt by partial payment, which would have restarted the statute of limitations, is not different in any legal sense than a demand for full payment present here, which would also restart the statute of limitations. And the danger involved in this case is also the same: a letter that fails to properly disclose that a debt is time-barred and unenforceable may mislead an unsophisticated consumer into making a partial payment thereby reinstating the statute of limitations. For these reasons, the court concludes that an unsophisticated consumer may view the letter as false, deceptive, or misleading, in violation of Section 1692e; as a false representation of the character or legal status of a debt, in violation of 1692e(2)(A); as a false representation or deceptive means to collect a debt, in violation of Section 1692e(10); or, as an unfair or unconscionable means to collect a debt, in violation of Section 1692f.[3]

*Mahmoud* does not dictate a result to the contrary. In *Mahmoud*, the Fifth Circuit affirmed the district court, which granted summary judgment disposing of a claim based on an attorney's effort to collect home owner's association dues in a wrongful foreclosure suit. *Mahmoud*, 865 F.3d at 334. The court held that "no Fifth Circuit authority compels the

---

[3] Manuel concedes in her response that she primarily seeks recovery under Section 1692e2(A) and (10). In light of the concession, the court will **DISMISS** Manuel's claims based on Section 1692e(5).

7

holding that a nonjudicial foreclosure on a partially time-barred debt can violate" the Act. *Id.* at 332–33. The court concluded that the case is "unlike the cases that allowed [Act] claims to proceed because of (1) its summary judgment posture; (2) the fact that only a small portion of the debt may have been time-barred; and (3) the parties' hot dispute over whether in fact even that small portion was both time-barred and could not be enforced by nonjudicial foreclosure" and accordingly refused to "extend potential [Act] liability to these circumstances." *Id.* at 334. The facts here are almost exactly the opposite: the case is at the motion-to-dismiss stage, and it is not disputed that the debt is time-barred nor that there is some other means of judicial enforceability of the debt. The court accordingly, declines to dismiss Manuel's claims.

### B. The Texas Act

The Texas Act states that "a debt collector may not use a fraudulent, deceptive, or misleading representation that . . . misrepresent[s] the character extent or amount of a consumer debt." Tex. Fin. Code Ann. § 392.304(a)(8). The language in the Texas Act is identical to the language in the Federal Act. Merchants attempts to move to dismiss this claim for the first time in its reply because "it is based on the same conduct," as the claim under the federal Act. Merchants does not cite authority to support this argument. Accordingly, the court will not dismiss Manuel's Texas Act claim. Thus, the only claims remaining are Manuel's claims under Section 1692e(2)(A), (10) and Section 1692f, as well as Manuel's claim under the Texas Act. Accordingly,

**IT IS THEREFORE ORDERED** that Motion to Dismiss and Memorandum in Support filed on June 11, 2018 (Dkt. No. 11) is **GRANTED** as to the claims under Section 1692e(5). In all other respects the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Manuel's claim under the Fair Debt Collection Practices Act Section 1692e(5) is **DISMISSED** without prejudice.

SIGNED this 7th day of January, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE