# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SILVIA MANUEL, § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | |
| MERCHANTS AND PROFESSIONAL § | CASE NO. 1:18-cv-00226-DAE |
| BUREAU, INC., § | |
| *Defendant* § | |

## ORDER ON PLAINTIFF'S MOTION FOR APPELLATE ATTORNEYS' FEES

Before the Court is Plaintiff Silvia Manuel's Opposed Motion for Appellate Attorneys' Fees, filed July 2, 2020 (Dkt. 48), and Defendant's Response and Objection to Plaintiff's Motion for Attorney Fees, filed July 13, 2020 (Dkt. 49).

### I. Background

Defendant Merchants and Professional Bureau, Inc.'s ("Merchants") appealed the District Court's grant of summary judgment in this Fair Debt Collection Practices Act ("FDCPA") case, and the United States Court of Appeals for the Fifth Circuit affirmed. Dkt. 50. On June 19, 2020, the Fifth Circuit issued an order granting Manuel's opposed motion for attorneys' fees on appeal and remanded this matter to the District Court for determination of reasonable fees requested. Dkt. 47.[1] The District Court referred the motion to the undersigned on August 6, 2020.

Manuel seeks an award of appellate attorneys' fees in the amount of $29,292.50. Merchants opposes the award of any fees, contending that all of the legal issues presented to the Fifth Circuit already had been briefed before the District Court. Dkt. 49-1 ¶¶ 2-3. Merchants further argues that it "should not be penalized by the Appellee's choice to add counsel" for the appeal, and that the billing entries of Manuel's two attorneys are duplicative. *Id.* ¶ 5. Finally, Merchants

---

[1] Pursuant to the parties' stipulation, the court awarded Manuel trial attorneys' fees and costs. Dkt. 45.

contends that Manuel has not met her burden to establish that the fees requested are reasonable and necessary. *Id.* ¶ 4. If the Court does award any fees for the appeal, Merchants submits, they "should never exceed even half of the fees awarded in the District Court," or $6,750. *Id.* ¶ 6.

## II. Legal Standards

Prevailing parties are entitled to fees for both trial and appellate work. *Norris v. Hartmarx Specialty Stores, Inc.,* 913 F.2d 253, 257 (5th Cir. 1990); *see also Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003) (remanding to district court to "make the initial determination and award of appellate attorney's fees"). The Fifth Circuit has recognized that attorneys' fees should be awarded for appeals of FDCPA claims. *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 44 (5th Cir. 2008) (citing 15 U.S.C. § 1692k(a)(3)). Courts assess the reasonableness of fees at the appellate level under the same framework used to assess trial fees. *See Morrow v. Dillard,* 580 F.2d 1284, 1300 (5th Cir. 1978).

Courts use the "lodestar method" to calculate an appropriate fee award. The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[2]

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment.

### III. Analysis

Applying the legal standards above, the Court finds that Merchants' arguments are neither persuasive nor consistent with the Fifth Circuit's order granting Manuel's motion for attorneys' fees on appeal. Dkt. 47. Merchants offers no support for its argument that appellate fees should be half of those awarded at trial.[3] A review of the Fifth Circuit docket shows that Manuel filed a 30-page appellate brief in which she responded not just to Merchants' arguments on appeal, but also to those by amicus curiae ACA International, the Association of Credit and Collection. *See* Court of Appeals Docket No. 19-50814. Manuel also filed a sur-reply in which she addressed a case that was released after Manuel filed her response brief and cited in Merchants' reply brief, as well as an incorrect assertion in Merchants' reply that Manuel had waived one of her principal arguments. *See id.* The Court finds that Manuel should be awarded her reasonable fees for the extensive work her attorneys performed on appeal.

In support of her fee award request, Manuel submits declarations from her appellate counsel identifying their experience, hourly rate, and list of time billed for the appeal. *See* Dkt. 48-2. The Court therefore proceeds to calculate an appropriate award.

**A. Hourly Rates**

Attorney Karen E. Oprea, who joined the case on appeal, seeks an hourly rate of $325. She was admitted to the New York bar in 2013 and to the Texas bar in 2014. Dkt. 48-2 at 9 ¶ 1(d). Her primary practice is appellate law. *Id.*

Attorney Brent A. Devere, who was sole trial counsel for Manuel, seeks an hourly rate of $350 for the appeal. He was admitted to the Texas bar in 1994. *Id.* at 20 ¶ d. Devere has practiced

---

[3] Merchants' calculation also is incorrect. Half of the trial fee award of $12,500 would be $6,250.

consumer law in Texas for more than ten years and has been Board Certified in Consumer and Commercial Law by the Texas Board of Legal Specialization since 2011. *Id.*

Manuel submitted data indicating that the hourly fees she seeks are reasonable. This includes a page from the State Bar of Texas 2015 Hourly Fact Sheet showing that the median hourly rates for attorneys in the Austin-Round Rock MSA practicing appellate law is $340, although the hourly rate for consumer law is $275 and creditor-debtor practice is $250. *Id.* at 19. Manuel also submitted data from the United States Consumer Law Attorney Fee Survey Report 2015-2016 showing that the median rate for attorneys in Austin, Texas handling credit rights cases is $440, while the average hourly rate for attorneys practicing consumer law is $375 for those with 6-10 years of experience and $510 for 11-15 years of experience. *Id.* at 15-16.

After carefully reviewing the declarations and evidence, the Court finds that the hourly rates charged by both Oprea and Devere are appropriate, representing the market rate in Austin for appellate work. *Cf. Chacon v. City of Austin, Tex.*, No. A-12-CA-226-SS, 2015 WL 4138361, at *8 (W.D. Tex. July 8, 2015) (approving hourly rate of $350 for lead appellate counsel).

**B. Time Expended**

Next, the Court carefully reviews the time records to determine whether the hours expended on the appeal are reasonable. Oprea "took the lead role in writing both the principal brief and the surreply in this case." *Id.* at 9-10 ¶ 1(e). She spent 58.90 hours on the appeal. The Court finds that Oprea's time expended is reasonable for the work involved on the appeal, as is the fee award of $19,142.50 for her work.

Devere expended 33 hours on the appeal, which he reduced, without explanation, to 29 hours.[4] *Id.* at 23. Although the Court finds most of the time expended by Devere to be reasonable, certain entries are not sufficiently detailed to determine whether they are duplicative of work done by

---

[4] Devere characterizes this as a 10% reduction in his hours, but it is 12%.

Oprea on or about the same dates. *See Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 768 (5th Cir. 1996) ("If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized.") (quoting *Johnson*, 488 F.2d at 717). Specifically, Devere has time entries totaling 10 hours for "Brief writing/review/research" for December 1-10, 2019 (2 hours each on Dec. 1 and 2; 6 hours on Dec. 10). Dkt. 48-2 at 22. During the same period, Oprea's time expended included 2.4 hours on "legal research and drafting argument" (Dec. 1); 9.2 hours on "legal research and writing brief" (Dec. 2-4); and 2.7 hours "editing and revising brief" (Dec. 5). *Id.* at 11. Because it is not clear from the time records that the hours Devere spent on the appeal brief on December 1, 2, and 10 were not duplicative of Oprea's work as described in the preceding sentence, the Court finds that these 10 hours, reduced by 12% to 8.8 hours, should be deducted from the 29 hours for which Manuel seeks fees, for a total of 20.2 hours expended by Devere on appeal.

Based on the foregoing, the Court finds that fees of $7,070 are reasonable for Devere's work on the appeal.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Merchants shall pay Manuel, by and through her counsel, Brent A. Devere, reasonable attorneys' fees in the amount of $26,212.50 for legal services performed on appeal.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the Honorable David A. Ezra.

**SIGNED** on August 17, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE